UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RHONDA DOOLEY, INDIVIDUALLY, AND ON
BEHALF OF THE WRONGFUL DEATH BENEFICIARIES
OF CARL DOOLEY, III, DECEASED                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:16cv975-DPJ-FKB

NOXUBEE COUNTY, MISSISSIPPI; LOWNDES COUNTY,
MISSISSIPPI; NOXUBEE GENERAL HOSPITAL                    DEFENDANTS

ORDER

This wrongful-death action is before the Court on Defendant Noxubee General Hospital's Motion to Dismiss [5]. For the reasons that follow, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claim and thus grants Defendant's motion.

I.      Facts and Procedural History

The events leading to Carl Dooley III's death in this sad matter began on December 23, 2015. Starting that evening and continuing into the next morning, Carl's wife, Plaintiff Rhonda Dooley, placed multiple 911 calls to report that Carl was threating to harm her and himself. Compl. [1] ¶ 7. Noxubee County, Mississippi law enforcement arrived at the Dooleys' home around 11:00 a.m. on December 24 and found Carl with self-inflicted lacerations to both wrists. *Id.* ¶ 8.

That same day, the Noxubee County Sheriff's Department transported Carl to Noxubee General Hospital ("Noxubee General"). *Id.* ¶ 9. There, Carl told Noxubee General personnel that he "tried to kill [him]self" using a razor. *Id.* A Noxubee General employee then treated Carl's wounds and discharged him back to Noxubee County law enforcement a little over an hour later, with no psychological assessment or treatment provided. *Id.* ¶ 10.

Noxubee County personnel then transported Carl from the hospital and released him to the custody of the Lowndes County, Mississippi Sheriff's Department at 3:17 p.m. on December 24. *Id.* ¶ 11. There was no communication between the County employees regarding Carl's previous suicide attempt or subsequent hospital treatment. *Id.* Accordingly, he was not placed on suicide watch at Lowndes County, where he sent Rhonda numerous emails suggesting that he "was contemplating another suicide attempt." *Id.* ¶¶ 11–12. Then on December 26, 2015, Carl committed suicide using bedsheets while in Lowndes County custody. *Id.* ¶ 13.[1]

Rhonda Dooley ("Dooley"), individually and on behalf of Carl's beneficiaries, filed suit in this Court on December 21, 2016. She brings a state-law negligence claim again Noxubee General, and § 1983 and deliberate-indifference federal claims as to Noxubee County and Lowndes County. Noxubee General moved to dismiss the state-law claim against it pursuant to Federal Rule of Civil Procedure 12(b)(1), and that motion was fully briefed on May 19, 2017. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

Under 28 U.S.C. § 1367, this Court "shall have supplemental jurisdiction over" claims that do not independently come within the jurisdiction of the district court but "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2012). "The question under section 1367(a) is whether the supplemental claims are so related to the original claims . . . that they 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). Stated another way, a state-law claim is part of the

---

[1] The Complaint alleges that Carl committed suicide on December 26, 2016. But this was an apparent scrivener's error.

same case or controversy as a federal claim where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). "The party which asserts jurisdiction bears the burden of proof for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009).

III.     Analysis

    A.     Whether the Court Has Supplemental Jurisdiction Under Section 1367(a)

This Court has federal-question subject-matter jurisdiction over the federal claims asserted against: (1) Noxubee County for allegedly transferring Carl into custody without informing the custodian of his suicide attempt and medical treatment and (2) Lowndes County for allegedly failing to properly monitor Carl's mental condition and emails once he was in custody. Compl. [1] ¶¶ 19–20, 23–24. But Noxubee General argues that the Court lacks supplemental jurisdiction over the state-law negligence claim asserted against it. Dooley is suing Noxubee General under Mississippi law for failing to appropriately assess and evaluate Carl's mental status before he was discharged from the hospital following his suicide attempt. *Id.* ¶¶ 16–17. Citing cases from circuits outside of this one, Noxubee General says the negligence claim falls outside the supplemental jurisdiction of this Court because it does not "derive from the same nucleus of fact as the federal law claims" against the Counties. Def.'s Mem. [6] at 3. The foundation of Noxubee General's argument is that the state claim involves a different defendant and entirely dissimilar acts.

3

Ignoring the seemingly new allegations she presents in response,[2] Dooley says the federal and state claims pleaded in her Complaint are "inextricably intertwined" as each party's liability "revolves around the failure to assess the suicide risk suffered by Carl."  Def.'s Mem. [19] at 1–2.  It is obvious Dooley attempts to broadly assess the operative factual issue in this case.  On the other hand, Noxubee General tries to boil down the factual issues to something more distinct and specific—evaluation while under hospital treatment versus information transfer and supervision while in police custody.  So the question becomes how broadly or narrowly the Court should define the "common nucleus of operative fact."

This is a close call based on a difficult standard.  To be sure, as Noxubee General points out, the claims against each defendant address "distinct alleged wrongs."  Def.'s Mem. [6] at 4.  But "Section 1367(a) is expansive, extending supplemental jurisdiction to its constitutional limit."  *Lucarino v. Con-Dive, LLC*, No. H-09-2548, 2010 WL 786546, at *2 (S.D. Tex. Mar. 5, 2010) (Rosenthal, J.).  And it "requires only that the jurisdiction-invoking claim and the supplemental claim have some loose factual connection."  Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3567.1 (3d ed. 2017); *see also CheckPoint Fluidic Sys. Int'l, Ltd. v. Guccione*, No. 10-4505, 2012 WL 195533, at *3 (E.D. La. Jan. 23, 2012) ("A loose factual connection between the claims is generally sufficient."); *Lucarino*, 2010 WL 786546, at *2 ("[T]his does not mean that all of the facts applicable to the federal claim must also apply to

---

[2] In light of Noxubee General's argument that Dooley raises new allegations in response, the Court cautions her to take a hard look at the Complaint as it should "give the defendant fair notice of what the . . . claim is and *the grounds upon which it rests*."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Federal Rule of Civil Procedure 16(b) provides that scheduling orders, such as the CMO's now-expired amendment deadline in this case, "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  If a party shows good cause under Rule 16(b), the Court will grant amendment upon proper motion where justice so requires under Rule 15(a).  *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015).

the state claim. Section 1367(a) is generally satisfied by a 'loose factual connection' between the two claims."). *But see Banik v. Tamez*, No. 7:16-cv-00462, 2016 WL 6122729, at *6 (S.D. Tex. Oct. 20, 2016) (concluding the Fifth Circuit has not addressed "[im]perfect factual overlap . . . head on" (emphasis omitted)).

On this Complaint, the Court acknowledges that different allegations form the bases of the claims against each defendant. But the Court finds those allegations derive from a common nucleus of operative fact. *See Myers v. Cty. of Lake, Ind.*, 30 F.3d 847, 850 (7th Cir. 1994) (finding negligence claim for failure to take precaution against suicide attempt was "part of same case or controversy" as federal claim for deliberate indifference to suicide risk); *Anderson v. Marshall Cty., Miss.*, No. 3:12-cv-92-DMB-SAA, 2014 WL 7366085, at *9–10 (N.D. Miss. Dec. 24, 2014), *aff'd*, 637 F. App'x 127 (5th Cir. 2016) (suggesting supplemental jurisdiction over negligent-medical-treatment claims against hospital where federal claims asserted against county stemmed from incarceration). The events at issue here took place between the morning of December 24, when Noxubee County law enforcement responded to Carl's suicide attempt and brought him to Noxubee General, and December 26, the day Carl committed suicide while in the custody of Lowndes County. Although Defendants' actions were separated by a brief period of time, Dooley's theory of the case is that both Noxubee General and the Counties produced the same damage—Carl's opportunity to take his own life. Thus, the separate incidents "relate to one another and flow from one to the other." *Bennett v. Biamont*, No. 01-2717, 2002 WL 1611639, at *3 (E.D. La. July 19, 2002). The Court therefore finds that it has supplemental jurisdiction under § 1367(a) over the state-law claim against Noxubee General.

B. Whether Court Should Decline Supplemental Jurisdiction Under Section 1367(c)

This Court has supplemental jurisdiction over Dooley's state-law claim. Nevertheless, the Court may decline to exercise it under 28 U.S.C. § 1367 if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In making its determination, the Court must consider "both the statutory provisions of 28 U.S.C. § 1367(c) *and* the balance of the relevant factors of judicial economy, convenience, fairness, and comity." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (emphasis added); *see also Mendoza*, 532 F.3d at 346 (noting that "no single factor is dispositive").

Noxubee General argues that the Court should decline to exercise supplemental jurisdiction over the state-law claim because it raises a novel or complex issue of Mississippi law. Def.'s Mem. [6] at 7. Specifically, it says,

> The plaintiff alleges that Noxubee County officers took Dooley to Noxubee General to be treated for the cuts on his wrists and contends that the physician who treated Dooley breached a duty of care by not evaluating his mental status. This theory of professional liability raises novel or complex issues of whether or under what circumstances a physician who is asked to treat a patient for a physical injury is under a duty to detect, diagnose, or treat a mental or emotional disturbance, particularly in the absence of a request from the patient.

*Id.* And it goes on to assert that the application of the Mississippi Tort Claims Act ("MTCA") "Inmate Exception" to this theory of liability raises additional novel issues. *Id.* at 8. Dooley

fails to respond to these contentions, and absent any argument in opposition, the Court is inclined to agree with Noxubee General.

This result remains the same when the Court balances Section 1367(c)(1) with the other non-statutory factors—judicial economy, convenience, fairness, and comity. Starting with judicial economy, this case is in the earliest stages of litigation, so hardly any judicial resources have been devoted to the state-law claim. As such, there has been no discovery or briefing here that would need to be repeated in state court. This factor favors dismissal. *See Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (finding that judicial economy favored remand where state claims had not yet been pursued).

As for convenience, Dooley generally says that it would be more expensive and less convenient for her to litigate in both forums. Whether or not that is true, there are other considerations to balance. To begin, both Dooley and Noxubee General are found in Noxubee County, so suit in that circuit would be more geographically convenient for both parties than suit in a federal courthouse more than two hours away. Moreover, given the distinct nature of the state-law claims against Noxubee General and the federal-law claims against the Counties, it would be more expensive and far less convenient for Noxubee General to participate in discovery and pretrial litigation regarding factual circumstances that have little to do with the claim it faces. Similarly, Noxubee General would face a longer trial as it sits through Dooley's case against the two Counties. Finally, as Noxubee General correctly noted in its opening brief, a claim against it under the MTCA must be tried by a court rather than a jury. *See* Def.'s Mem. [6] at 9 (citing Miss. Code Ann. § 11-46-13). So a jury hearing such a case would necessarily hear evidence that has nothing to do with the questions of fact before it. Though the Court

fails to respond to these contentions, and absent any argument in opposition, the Court is inclined to agree with Noxubee General.

This result remains the same when the Court balances Section 1367(c)(1) with the other non-statutory factors—judicial economy, convenience, fairness, and comity. Starting with judicial economy, this case is in the earliest stages of litigation, so hardly any judicial resources have been devoted to the state-law claim. As such, there has been no discovery or briefing here that would need to be repeated in state court. This factor favors dismissal. *See Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (finding that judicial economy favored remand where state claims had not yet been pursued).

As for convenience, Dooley generally says that it would be more expensive and less convenient for her to litigate in both forums. Whether or not that is true, there are other considerations to balance. To begin, both Dooley and Noxubee General are found in Noxubee County, so suit in that circuit would be more geographically convenient for both parties than suit in a federal courthouse more than two hours away. Moreover, given the distinct nature of the state-law claims against Noxubee General and the federal-law claims against the Counties, it would be more expensive and far less convenient for Noxubee General to participate in discovery and pretrial litigation regarding factual circumstances that have little to do with the claim it faces. Similarly, Noxubee General would face a longer trial as it sits through Dooley's case against the two Counties. Finally, as Noxubee General correctly noted in its opening brief, a claim against it under the MTCA must be tried by a court rather than a jury. *See* Def.'s Mem. [6] at 9 (citing Miss. Code Ann. § 11-46-13). So a jury hearing such a case would necessarily hear evidence that has nothing to do with the questions of fact before it. Though the Court

acknowledges Dooley's convenience concerns, on balance, this factor weighs in favor of dismissal.

On fairness, Dooley states that severing the claims *could* produce inconsistent results with respect to Defendants' fault. That is possible, but the Court also notes that whether the case against Noxubee General is tried here or in Noxubee County, there will still be two fact finders. *See* Miss. Code Ann. § 11-46-13. This Court and the jury hearing the federal claim could see things differently. And Dooley's fairness argument is again balanced by the fact that many of the facts against the Counties are irrelevant to the claims against Noxubee General. The Court concludes that fairness weighs in favor of dismissal.

Finally, there is the comity issue. The state-law claim raises arguably novel issues of Mississippi law that are best decided by a Mississippi court. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 589 (5th Cir. 1992) ("Aside from the state courts' superior familiarity with their respective jurisdictions' law, the federal courts' construction of state law can be 'uncertain and ephemeral.'"). Moreover, the claim arises under the MTCA, and as one federal court in Mississippi has noted, "Circuit courts in this state have developed considerable expertise in serving as triers of fact in MTCA cases [and] have extensive experience in applying the provisions of the MTCA." *Smith v. Cty. of Nettleton*, No. 1:07-cv-113-M-D, 2008 WL 5244441, at *3 (N.D. Miss. Dec. 15, 2008). Accordingly, the Court exercises its discretion to decline jurisdiction over Dooley's state-law claim.

Moving forward, Noxubee General asks that the state-law claim against it be dismissed without prejudice. Dooley, however, alternatively requests that the claim be "removed to state court" in the event the Court declines jurisdiction. Pl.'s Resp. [18] at 1–2. Because Dooley initially filed this case in federal court, dismissal without prejudice is the correct step. *See Bass*

*v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).  In doing so, the Court notes that "the running of the statute of limitations is tolled during the pendency of a case in federal court." *Davis v. City of Vicksburg, Miss.*, No. 3:13-cv-886-DCB-MTP, 2015 WL 4251008, at *6 (S.D. Miss. July 13, 2015) (citing *Boston v. Hartford Acc. & Indem. Co.*, 822 So. 2d 239, 248 (Miss. 2002); *Norman v. Bucklew*, 684 So. 2d 1246, 1256 (Miss. 1996)), *aff'd*, 642 F. App'x 481 (5th Cir. 2016)).

IV. Conclusion

The Court has considered all the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendant's Motion to Dismiss [5] is granted.  Noxubee General Hospital is dismissed entirely from this action.

**SO ORDERED AND ADJUDGED** this the 13th day of June, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE